IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-02096-REB-KMT


EDUARDO A. JOHNSON,

      Plaintiff,

v.

ARAPAHOE COUNTY SHERIFF'S DEPARTMENT,
OFFICER MARK ORTLER,
OFFICER MATT WALKER,
OFFICER ROB HOFFMAN,
OFFICER JON SCHOTT, and
OFFICER DENNIS ERICKSON,

      Defendants.

---

## ORDER

---

This matter is before the court on "Defendants' Motion for Protective Order" [Doc. No. 18].

Following the Scheduling Conference on January 11, 2008, the plaintiff served counsel for all defendants five sets of interrogatories, one set directed to each named defendant. Each set of interrogatories contained twenty-five interrogatories. *See* Exhibits A-E to the Motion for Protective Order. The defendants collectively now seek to limit the number of interrogatories which may be propounded by the plaintiff to a total of twenty-five for all five defendants, rather than to twenty-five per named defendant.

The Scheduling Order [Doc. No. 17, filed January 11, 2008], states at Section 8, paragraph 8(3), "Modifications that any party proposes on the presumptive numbers of depositions or interrogatories contained in the Federal rules: None." Fed. R. Civ. P. 33(a) provides, "[a] **party** may serve on any other **party** no more than 25 written interrogatories, including all discrete subparts." (emphasis added) By its terms, Plaintiff Johnson, a party, may serve twenty-five interrogatories on Arapahoe County Sheriff's Department, a party; Mark Ortler, a party; Matt Walker, a party; Rob Hoffman, a party; Jon Schott, a party; and, Dennis Erickson, a party. In turn, however, each party defendant is allowed to serve twenty-five separate interrogatories on the single party plaintiff, as well, thus subjecting him to the same burden which is now placed on the single representative of the six defendants.

A review of Exhibits A-E shows that, as a practical matter, they are very similar to one another and the interrogatories could have easily been combined into one set of twenty-five by the simple addition to each of the questions of, "As to each one of the five named defendants, . . . ." By the same token, the answers to the interrogatories will, in all likelihood, be the same or similar as to each named defendant. In this technological age, it is not unduly burdensome to utilize the "cut-and-paste" functions of a word processor to assist in responding to the interrogatories where the individual responses are the same or similar to create five separate responses.

The plaintiff followed the Rules as they grammatically read and, at this juncture having already created the interrogatories, it would be elevation of form over substance to ask that the interrogatories be re-drafted so that they are contained in one document.

It is, therefore, hereby ORDERED:

1.      Defendants' Motion for Protective Order [Doc. No. 18] is DENIED.

Dated this 22nd day of January, 2008.

                              BY THE COURT:


                              s/ Kathleen M. Tafoya
                              KATHLEEN M. TAFOYA
                              United States Magistrate Judge