**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-02096-REB-KMT

EDUARDO A. JOHNSON (PRO SE),

    Plaintiff,

v.

ARAPAHOE COUNTY SHERIFF'S DEPT.,
OFFICER MARK ORTLER,
OFFICER MATT WALKER,
OFFICER ROB HOFFMAN,
OFFICER JON SCHOTT, and
OFFICER DENNIS ERICKSON,

    Defendants.

**ORDER ADOPTING IN PART AND REJECTING IN PART
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    This matter is before me on the following: (1) **Defendants' Motion and Brief for Summary Judgment** [#44] filed June 23, 2008; (2) **Plaintiff's Motion and Brief for Summary Judgment** [#52] filed July 1, 2008; and (3) the **Recommendation of United States Magistrate Judge** [#88] filed December 18, 2008. Both motions for summary judgment generated responses [#57 & #58], and the defendants filed a reply [#59] in support of their motion for summary judgment.

    None of the parties have filed any objections to the magistrate judge's recommendation. Therefore, I am required only to review the recommendation for plain error. *See **Morales-Fernandez v. Immigration & Naturalization Service***, 418 F.3d

1116, 1122 (10th Cir. 2005).[1]  Because the plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  I have considered carefully the recommendation and the applicable case law.  For the reasons discussed below, I approve and adopt the recommendation in part, and I respectfully reject the recommendation in part.

## I.  FIRST AMENDMENT RETALIATION CLAIM

During the evening of October 21, 2005, the plaintiff, Eduardo Johnson, learned that his son, Yugene Johnson, was a suspect in a shooting that had occurred that evening.  Johnson alleges that he and Yugene arrived at the scene of the shooting while police were present.  Standing at the scene, Johnson says he noticed that several police officers were running toward Yugene and it appeared that they were "going to forcibly take him down." *Complaint* [#1], filed October 5, 2007.  Johnson says he then said to the officers that Yugene is not violent and Yugene should not be harassed by the officers.  At that point, defendant Officer Mark Ortler allegedly approached Johnson, hit Johnson in the chest and said "shut-up nigger."  *Id.*   In his deposition testimony, Johnson testified that this sequence of events occurred. *Defendants' Motion and Brief for Summary Judgment* [#44], Exhibit A-2 (Johnson Depo.), pp. 24 - 28.

In the recommendation, the magistrate judge outlines the elements of the plaintiff's First Amendment retaliation claim based on the incident described above.  Those

---

[1] This standard pertains even though plaintiff is proceeding *pro se*. **Morales-Fernandez**, 418 F.3d at 1122.

elements are (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct. **Worrell v. Henry**, 219 F.3d 1197, 1212 (10th Cir. 2000). The magistrate judge concluded that the defendants' motion for summary judgment should be granted as to this claim because the record does not include sufficient evidence to demonstrate that (1) defendant Ortler made the statement alleged; and (2) that defendant Ortler was substantially motivated by the plaintiff's exercise of constitutionally protected conduct when Ortler allegedly hit the plaintiff. I disagree.

The magistrate judge concluded that Johnson's belief about what Ortler said is not sufficient to establish a genuine issue of material fact. *Recommendation* [#88], p. 10. In his sworn deposition testimony, Johnson testified that Officer Ortler was right in front of Johnson when Ortler hit Johnson and said something to Johnson. *Johnson Depo.*, pp. 24, ll. 20 - 25, ll. 22. Asked if Ortler used the word "nigger" in that statement, Johnson said "Yes, I believe that's exactly what he said, from the movement of his lips." *Id.*, p. 25, ll. 5 - 6. "Under Fed.R.Civ.P. 56(e), only statements made on personal knowledge will support a motion for summary judgment; statements of mere belief must be disregarded." **Tavery v. U.S.**, 32 F.3d 1423, 1427 n. 4 (10th Cir. 1994) (quotation and citations omitted). Although Johnson used the word "believe" in his testimony, his testimony indicates that his belief is based on his personal observation and knowledge about the relevant event. On the current record, Johnson's testimony is based on his personal knowledge, and, thus, constitutes admissible evidence that Ortler made the alleged statement. Whether

3

Ortler's alleged statement, by itself, constitutes a proper basis for a civil rights claim is not an issue addressed in the briefs. At minimum, however, Ortler's statement may be seen as evidence of Ortler's motivation during the incident, an issue relevant to Johnson's First Amendment retaliation claim. Viewing the evidence in the record in the light most favorable to Johnson, as I must, I conclude that the record contains sufficient evidence that defendant Ortler made the statement described by Johnson.

Addressing the issue of Ortler's motivation to hit Johnson, the magistrate judge concluded that, based on the evidence in the record, "the more likely inference" is that Ortler was motivated by a desire to protect "the public and/or the crime scene," as opposed to an improper retaliatory motive. *Recommendation* [#88], p. 11. In resolving the defendants' motion for summary judgment, all reasonable inferences must be viewed in the light most favorable to Johnson. I conclude that the evidence in the record supports a reasonable inference that Ortler acted with a retaliatory motive.

As the magistrate judge notes, Ortler denies that he hit Johnson. In their motion for summary judgment, the defendants assert that "any push or shove engaged in by Ortler was to effectuate [plaintiff's son's] prompt arrest." *Motion for summary judgment* [#44], p. 11. However, the defendants cite no evidence in support of this proposition. In his deposition, on the other hand, Johnson says Ortler hit Johnson immediately after Johnson made a statement directed to the sheriff's officers who were present. Evidence that Ortler hit Johnson immediately after Johnson made a statement directed to Ortler and others is sufficient to establish a genuine issue of material fact concerning Ortler's retaliatory motive. **Smith v. Maschner**, 899 F.2d 940, 948 - 950 (10th Cir. 1990) (evidence that constitutionally protected action was followed immediately by disciplinary action against plaintiff and imposed by defendants sufficient to support reasonable

4

inference that defendants had retaliatory motive). Viewing the evidence in the record in the light most favorable to Johnson, I conclude that the record contains sufficient evidence that defendant Ortler was substantially motivated by the plaintiff's constitutionally protected conduct, plaintiff's speech, when Ortler allegedly hit the plaintiff. This evidence demonstrates the existence of a genuine issue of material fact concerning Ortler's motivation.

Finally, I note that the defendants argue that a shove by a police officer cannot rise to the level of a constitutional violation. *Motion for summary judgment* [#44], p. 11, n. 1. The defendants cite a case addressing a substantive due process claim. **Clark v. Edmunds**, 513 F.3d 1219 (10th Cir. 2008). The substantive due process standard outlined in **Clark** is not the standard applicable to Johnson's retaliation claim. Rather, the relevant question is whether Ortler's alleged actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in the protected activity. **Worrell**, 219 F.3d at 1212. "[I]t is well established that an act in retaliation for the exercise of a constitutionally protected right is actionable under [42 U.S.C.] Section 1983 even if the act, when taken for a different reason, would have been proper." **Smith v. Maschner**, 899 F.2d at 948 (quoting **Buise v. Hudkins**, 584 F.2d 223, 229 (7th Cir.1978), *cert. denied*, 440 U.S. 916, 99 S.Ct. 1234, 59 L.Ed.2d 466 (1979)). I reject the defendants' argument that a shove by a police officer cannot rise to the level of a constitutional violation.

Finally, I note that in the defendants' reply [#59], they argue for the first time that Johnson's statements to the officers do not constitute constitutionally protected speech. Because this issue was not raised in the defendants' motion for summary judgment, the plaintiff has not had an opportunity to respond to this argument. I will not address an

5

argument raised for the first time in the defendants' reply.

Viewing the evidence in the record in the light most favorable to Johnson, I conclude that there is sufficient evidence in the record to create and preserve genuine issues of material fact about whether Ortler made the statement that Johnson alleges Ortler made, whether Ortler struck Johnson, and whether Ortler acted with a retaliatory motive when Ortler struck Johnson. Therefore, the defendant's motion for summary judgment on Johnson's First Amendment retaliation claim against Ortler must be denied.

## II. FOURTH AMENDMENT SEARCH CLAIM

I agree with the magistrate judge's conclusion that the undisputed facts in the record demonstrate that Johnson consented to the search of his son's room and that this consent was not withdrawn. I agree also that the undisputed facts in the record do not support any other aspect of Johnson's Fourth Amendment search claim. Thus, I adopt the magistrate judge's recommendation that the defendants' motion for summary judgment be granted on this claim.

## III. FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM

Appropriately, the defendants and the magistrate judge analyze the plaintiff's claims of race discrimination as claims under the Equal Protection Clause of the Fourteenth Amendment. The magistrate judge concludes that defendant Ortler is entitled to summary judgment on Johnson's equal protection claim because the plaintiff has insufficient evidence that Ortler directed a racial epithet at Johnson, and because use of a racial slur, without more, does not amount to an equal protection violation. As discussed above, I conclude that there is sufficient evidence in the record to demonstrate that Ortler did direct a racial epithet at Johnson. In addition, there is sufficient evidence that Ortler hit Johnson at about the same time, and Johnson claims he was injured as a result.

Although thin, I conclude that this evidence is sufficient to demonstrate the existence of one or more genuine issues of material fact concerning the plaintiff's equal protection claim against Ortler.

If a state actor makes distinctions between similarly situated individuals, the distinctions must be reasonable, not arbitrary, and must rest on grounds having a fair and substantial relation to the object of legislation. **Hendking v. Smith**, 781 F.2d 850, 851 (11th Cir. 1986) **quoting Zeigler v. Jackson,** 638 F.2d 776, 779 (5th Cir. 1981). Strict scrutiny of distinctions between individuals is appropriate when certain fundamental rights are at stake or when the plaintiff is a member of a protected class. **See e.g. San Antonio Ind. School Dist. v. Rodriguez**, 411 U.S. 1 (1973) (fundamental rights); **Loving v. Virginia**, 388 U.S. 1 (1967) (suspect classification). If Ortler treated Johnson differently than others by hitting Johnson and that differential treatment was based on Johnson's race or Johnson's speech, then the differential treatment likely is subject to strict scrutiny analysis. **See, e.g., U.S. v Manuel**, 992 F.2d 272 275 (10th Cir. 1993) (police officer selecting persons for consensual interviews based solely on race is deserving of strict scrutiny and raises serious equal protection concerns).

I conclude that there is sufficient evidence in the record to raise genuine issues of material fact concerning Johnson's equal protection claim against Ortler. However, I agree with the magistrate judge's conclusion that the plaintiff has offered no evidence that supports an equal protection claim against the other defendants.

### IV. FOURTH AMENDMENT UNLAWFUL SEIZURE AND STATE LAW FALSE IMPRISONMENT CLAIMS

I agree with the magistrate judge's conclusion that the evidence in the record is not sufficient to permit a reasonable fact finder to find for Johnson on this claim of false

7

imprisonment, arrest, or detention. I agree also with the magistrate judge's conclusion that any state law claim for false imprisonment is barred because Johnson failed to comply with the requirements of the Colorado Governmental Immunity Act. §24-10-109, C.R.S. Thus, I adopt the magistrate judge's recommendation that the defendants' motion for summary judgment be granted on these claims.

## V. QUALIFIED IMMUNITY

Because I have concluded that there are genuine issues of material fact concering two of the plaintiff's claims against Ortler, I must analyze the defendants' qualified immunity claim. The defendants assert that the all of the plaintiff's claims are barred by qualified immunity. Qualified immunity shields public officials from civil damages liability if their actions did not "'violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" **Pino v. Higgs**, 75 F.3d 1461, 1467 (10th Cir. 1996) (quoting **Harlow v. Fitzgerald**, 457 U.S. 800, 818 (1982)). The qualified immunity defense "cannot be analogized to other affirmative defenses because of the interests implicated in suits against government officials. Unlike other affirmative defenses, qualified immunity not only shields a defendant from liability, but is also intended to protect the defendant from the burdens associated with trial." **Pueblo Neighborhood Health Ctrs., Inc. v. Losavio**, 847 F.2d 642, 645 (10th Cir.1988). The defense is available only to defendants sued in their individual capacity. **See Moore v. City of Wynnewood**, 57 F.3d 924, 929 n. 4 (10th Cir.1995).

A motion for summary judgment asserting qualified immunity must be reviewed differently from other summary judgment motions. **See Saucier v. Katz**, 533 U.S. 194, 201 (2001), **overruled in part, Pearson v. Callahan**, ___ U.S. ___, 2009 WL 128768 (2009); **Holland v. Harrington**, 268 F.3d 1179, 1185 (10th Cir. 2001), **cert. denied**, 535

8

U.S. 1056 (2002). After a defendant asserts qualified immunity, the burden shifts to the plaintiff. *Scull v. New Mexico*, 236 F.3d 588, 595 (10th Cir. 2000). To overcome a claim of qualified immunity, the plaintiff first must establish "that the defendant's actions violated a constitutional or statutory right." *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995); *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (noting the court must first decide whether the plaintiff has alleged deprivation of a constitutional right). This burden means coming forward with specific facts establishing the violation. *Taylor v. Meacham*, 82 F.3d 1556, 1559 (10th Cir.1996).

If the plaintiff establishes a violation of a constitutional or statutory right, then he must demonstrate that the right at issue was clearly established *at the time* of the defendant's alleged unlawful conduct. *Albright*, 51 F.3d at 1534. To demonstrate clearly established law, "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts," which find the law to be as the plaintiff maintains. *Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir.1992), *overruled in part, Williams v. City & County of Denver*, 99 F.3d 1009, 1014 - 1015 (10th Cir. 1996). The plaintiff must demonstrate a substantial correspondence between the conduct in question and prior law establishing that the defendant's actions clearly were prohibited. *Hilliard v. City and County of Denver*, 930 F.2d 1516, 1518 (10th Cir. 1991) (citing *Hannula v. City of Lakewood*, 907 F.2d 129, 131 (10th Cir. 1990)). In determining whether the right was "clearly established," the court assesses the objective legal reasonableness of the action at the time and asks whether "the right [was] sufficiently clear that a reasonable officer would understand that what he is doing violates that right." *Wilson v. Layne*, 526 U.S. at 615. However, the plaintiff need not establish a "'precise factual correlation between the then-existing law and the

case at hand . . . .'" **Patrick v. Miller**, 953 F.2d 1240, 1249 (10th Cir.1992), (quoting **Snell v. Tunnell**, 920 F.2d 673, 699 (10th Cir. 1990)). "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action . . . assessed in light of the legal rules that were 'clearly established' at the time it was taken." **Anderson v. Creighton**, 483 U.S. 635, 639 (1987) (quotations and citations omitted).

If the plaintiff satisfies both of these elements, then the burden shifts to the defendant. Unless the defendant demonstrates that there is no disputed issue of material fact relevant to the immunity analysis, a motion for summary judgment based on qualified immunity must be denied. **Salmon v. Schwarz**, 948 F.2d 1131, 1136 (10th Cir.1991). If the plaintiff fails to satisfy either part of the two-pronged inquiry, then the court must grant qualified immunity. **Albright**, 51 F.3d at 1535. In short, although the court must review the evidence in the light most favorable to the plaintiff, a defendant's assertion of qualified immunity may be overcome only when the record demonstrates clearly that the plaintiff has satisfied his heavy two-part burden. In civil rights cases, a defendant's unlawful conduct must be demonstrated with specificity. **Davis v. Gracey**, 111 F.3d 1472, 1478 (10th Cir. 1997).

In a recent opinion, the United States Supreme Court altered somewhat the analytical process that may be used when a defendant claims the protection of qualified immunity. **Pearson v. Callahan**, ___ U.S. ___, 2009 WL 128768 (2009). Under **Saucier v. Katz**, a court addressing a claim of qualified immunity first must determine whether the plaintiff has adduced facts sufficient to make out a constitutional or statutory violation. **Saucier**, 533 U.S. at 201. Under **Saucier**, a court must address and resolve this first question before proceeding to the second step of the analysis, a determination of whether

10

the claimed constitutional or statutory right was established clearly at the time of the alleged violation. *Id*. In *Pearson*, the Supreme Court held that the sequential two step analysis mandated in *Saucier*

> should no longer be regarded as mandatory. The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.

*Pearson*, ___ U.S. ___, ___, 2009 WL 128768, *9. The Supreme Court noted, however, that the sequence set forth in *Saucier* often is the appropriate analytical sequence. *Id*.

Johnson is acting *pro se*. In responding to the motion for summary judgment, Johnson has not addressed the issue of qualified immunity. Although Johnson has not formally addressed his burden of overcoming the defense of qualified immunity, the evidence in the record, viewed in the light most favorable to Johnson, supports an arguable claim that Ortler violated the plaintiff's First Amendment right against retaliation for protected speech, and that Ortler violated the plaintiff's Fourteenth Amendment right to equal protection of the law because Ortler targeted the plaintiff based on the plaintiff's race and/or the plaintiff's protected speech. In addition, at the time of the relevant incident, clearly established law prohibited state actors from retaliating against a citizen because of the citizen's constitutionally protected action, such as speech. ***Smith v. Maschner***, 899 F.2d 940, 948 - 950 (10th Cir. 1990). Similarly, clearly established law held that it is a violation of the Equal Protection Clause for a police officer to target a person based solely the person's race. ***See, e.g., U.S. v Manuel***, 992 F.2d 272 275 (10th Cir. 1993).

Although the plaintiff has not addressed these issues specifically in his response to the motion for summary judgment, it is not possible to ignore the fact that the evidence

11

and the law relevant to these issues are present in the record.  Viewing the evidence in the current record in the light most favorable to Johnson, I conclude that there remain disputed issues of material fact that are relevant to Johnson's First Amendment retaliation and equal protection claims against Ortler and to Ortler's claim of qualified immunity concerning these claims.  On the current record, Ortler is not entitled to summary judgment on these claims based on qualified immunity.

As to all of the plaintiff's other claims and all of the other defendants, I conclude, for the reasons discussed above, that the plaintiff has not established that the defendants' actions violated a constitutional or statutory right.  In short, each of the plaintiff's claims against all of the other defendants is barred by qualified immunity.  Further, any other claim the plaintiff asserts against Ortler also is barred by qualified immunity.

## VI.  OFFICIAL CAPACITY CLAIM

Johnson names the Arapahoe County Sheriff's Department as a defendant.  The Arapahoe County Sheriff's Department argues that it is entitled to summary judgment because Johnson has not identified any specific custom or policy that was the moving force behind any alleged violation.  I agree.

A plaintiff suing a municipality under § 1983 for the actions of one of its police officers must prove: (1) that a municipal employee committed a constitutional violation; and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation.  ***Jiron v. City of Lakewood***, 392 F.3d 410, 419 (10th Cir. 2004).  A municipality or other local government unit is liable for constitutional torts only if the alleged unconstitutional acts implement a policy, ordinance or custom of the local government.  ***Monell v. Department of Social Services***, 436 U.S. 658, 690, 694 (1978);

*Garcia v. Salt Lake County*, 768 F.2d 303, 308 & n.4 (10th Cir. 1985). A municipality is responsible under § 1983 only when the execution of a government policy or custom actually causes an injury of constitutional dimensions. *Monell*, 436 U.S. at 694; *see also D.T. v. Independent School District*, 894 F.2d 1176, 1187 (10th Cir. 1990) (plaintiff must prove direct nexus between constitutional tort and municipality's authorization or approval thereof, either expressly or otherwise, by the adoption of any plan or policy). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985).

In response to the defendants' motion for summary judgment, Johnson has not come forward with any evidence that indicates that any custom or policy of the sheriff's office was the moving force behind any alleged violation. Thus, the Arapahoe County Sheriff's Department is entitled to summary judgment on all of the plaintiff's claims.

### VII. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

FED. R. CIV. P. 56 (c) provides that the court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir.1994). The plaintiff's motion for summary judgment [#52] includes nothing more than a brief, unsworn restatement of his claims. The plaintiff does not include with or address in his motion for summary judgment any evidence in the record. The plaintiff has not demonstrated that there are

13

no genuine issues of material fact and that he is entitled to judgment as a matter of law on any of his claims. I agree with the magistrate judge's recommendation that the plaintiff's motion for summary judgment be denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#88] filed December 18, 2008, is **APPROVED AND ADOPTED** as an order of this court, as supplemented in this order, with regard to the analysis of the plaintiff's Fourth Amendment unlawful search claim, Fourth Amendment unlawful seizure claim, state false imprisonment claim, Fourteenth Amendment equal protection claim as to all defendants except defendant Mark Ortler, and the plaintiff's motion for summary judgment;

2. That the **Recommendation of United States Magistrate Judge** [#88] filed December 18, 2008, respectfully is **REJECTED** otherwise;

3. That the **Defendants' Motion and Brief for Summary Judgment** [#44] filed June 23, 2008, is **DENIED** as to the plaintiff's First Amendment retaliation claim and his Fourteenth Amendment equal protection claims against Mark Ortler;

4. That the **Defendants' Motion and Brief for Summary Judgment** [#44] filed June 23, 2008, is **GRANTED** otherwise; and

5. That the **Plaintiff's Motion and Brief for Summary Judgment** [#52] filed June 1, 2008, is **DENIED**.

Dated March 2, 2009, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge