**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-02096-REB-KMT

EDUARDO A. JOHNSON (PRO SE),

    Plaintiffs,

v.

OFFICER MARK ORTLER,

    Defendant.

**ORDER DENYING MOTIONS FOR RECONSIDERATION**

**Blackburn, J.**

    This matter is before me on the following: (1) **Defendant Mark Ortler's Motion for Partial Reconsideration of Order Adopting in Part and Rejecting in Part Recommendation of United States Magistrate Judge** [#91] filed March 12, 2009; (2) **Plaintiff Motion for Reconsideration of Order Adopting in Part and Rejecting in Part Recommendation of United States Magistrate Judge** [#92] field March 16, 2009; and (3) the plaintiff's **Second Motion for Status on Civil Case** [#101] field January 6, 2010. The parties filed responses [#93 & #94] and replies [#95 & #96] addressing the two motions to reconsider. I deny both motions to reconsider. The plaintiff was informed fully about the status of this case at a Trial Preparation Conference held on February 5, 2010. Thus, I deny the plaintiff's motion for a status report as moot.

**I. STANDARD OF REVIEW**

    Rule 59 (e) provides for a motion to alter or amend a judgment. Subsection (e) is the only subsection of Rule 59 that is applicable to this case. The balance of Rule 59

concerns motions for a new trial, and no trial was conducted in this case. The bases for granting a motion under Rule 59(e) are limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). In their motions to reconsider, the parties appear to assert the need to correct clear error or prevent manifest injustice as the basis for their motions.

## II. DEFENDANT ORTLER'S MOTION

Defendant, Mark Ortler, asks that I reconsider some of the conclusions I reached in my **Order Adopting In Part and Rejecting In Part Recommendation of United States Magistrate Judge** [#90] filed March 2, 2009. Ortler is a police officer. The plaintiff, Eduardo Johnson, asserts claims against Ortler based on Ortler's alleged actions as a police officer. Ortler has asserted the defense of qualified immunity. Ortler argues in his motion for reconsideration that, when responding to Ortler's motion for summary judgment, Johnson did not come forward with sufficient evidence to establish a First Amendment retaliation claim or a violation of the Equal Protection Clause. Ortler argues also that there is no clearly established law supporting the plaintiff's First Amendment and Equal Protection claims. In the absence of clearly established law in support of the plaintiff's claims, Ortler is entitled to qualified immunity. I disagree with Ortler's contentions.

Johnson's claims against Ortler are based on an incident that occurred when

Johnson appeared at a crime scene with Johnson's son, who was a suspect in the crime. Ortler was a police officer at the scene. As police officers rushed toward Johnson's son, Johnson says he told the officers, referring to his son, "he's not violent." At that point, Ortler allegedly approached Johnson, hit Johnson in the chest, and said "shut-up nigger."

Addressing the First Amendment retaliation claim, Ortler argues that there is no clearly established law holding that Johnson's statement to Ortler, "he's not violent," is protected speech under the first amendment. I disagree. "The First Amendment protects a significant amount of verbal criticism and challenge directed at police officers." **City of Houston, Tex. v. Hill**, 482 U.S. 451, 461 (1987). In the context of words addressed to a police officer, Johnson's statement to Ortler does not fall within the types of speech not protected by the First Amendment, as described by the **Hill** Court.

Ortler argues that there is no admissible evidence to support Johnson's allegation that Ortler said "shut-up nigger" to Johnson. Rather, Ortler contends, Johnson's claim is based only on Johnson's belief that Ortler made the statement. As I stated in my order [#90], Johnson's observation of Ortler at the time Ortler allegedly made the statement goes beyond mere belief and constitutes admissible evidence that Ortler made the statement in question. *Order Adopting In Part and Rejecting In Part Recommendation of United States Magistrate Judge* [#90] filed March 2, 2009, p. 3-4.

Ortler contends that there is no evidence that Ortler's alleged actions were substantially motivated by Johnson's speech. Such motivation must be shown to establish Johnson's retaliation claim. As noted in my order [#90], evidence that Ortler hit Johnson immediately after Johnson made a statement directed to Ortler is sufficient

to establish a genuine issue of material fact concerning Ortler's retaliatory motive. *Order Adopting In Part and Rejecting In Part Recommendation of United States Magistrate Judge* [#90] filed March 2, 2009, p. 4-5.  Finally, addressing the equal protection claim, Ortler argues that there is no evidence that Ortler was motivated by Johnson's race or that Johnson was treated differently from other bystanders at the crime scene.  Evidence that Ortler hit Johnson in the chest and said "shut up nigger" shortly after Johnson made a statement to Ortler is sufficient to sustain Johnson's equal protection claim against Ortler's motion for summary judgment, including Ortler's assertion of the defense of qualified immunity.

Ortler has not demonstrated any need to correct clear error or prevent manifest injustice.  Therefore, Ortler's motion for reconsideration is denied.

### III.  PLAINTIFF JOHNSON'S MOTION

Johnson asks that I reconsider my conclusions concerning his Fourth Amendment search and seizure and false imprisonment claims, as expressed in my **Order Adopting In Part and Rejecting In Part Recommendation of United States Magistrate Judge** [#90] filed March 2, 2009.  I have reviewed Johnson's motion, the response, and the reply.  I conclude that Johnson has not demonstrated any need to correct clear error or prevent manifest injustice.  Therefore, Johnson's motion for reconsideration is denied.

### IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Mark Ortler's Motion for Partial Reconsideration of Order Adopting in Part and Rejecting in Part Recommendation of United States Magistrate Judge** [#91] filed March 12, 2009, is **DENIED**;

4

  2. That **Plaintiff Motion for Reconsideration of Order Adopting in Part and Rejecting in Part Recommendation of United States Magistrate Judge** [#92] filed March 16, 2009, is **DENIED**; and

  3. That the plaintiff's **Second Motion for Status on Civil Case** [#101] filed January 6, 2010, is **DENIED** as moot.

  Dated February 8, 2010, at Denver, Colorado.

                **BY THE COURT:**

                */s/ Robert E. Blackburn*
                Robert E. Blackburn
                United States District Judge