**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-02096-REB-KMT

EDUARDO A. JOHNSON (PRO SE),

    Plaintiffs,

v.

MARK ORTLER,

    Defendant.

**ORDER CONCERNING MOTION FOR REVIEW OF TAXATION OF COSTS**

**Blackburn, J.**

    This matter is before me on the plaintiff's **Motion on Taxation of Cost** [#128][1] filed March 24, 2010. The defendant filed a response [#129], and the plaintiff filed a reply [#130]. Judgment in favor of the defendant and against the plaintiff has been entered in this case. Costs have been taxed in favor of the defendant. In his motion, the plaintiff challenges the propriety of the inclusion of the cost of a video taped deposition in the bill of costs. I deny the plaintiff's motion.

    Rule 54 of the Federal Rules of Civil Procedure provides that "[C]osts other than attorneys' fees shall be awarded as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). Allowable costs are delineated by 28 U.S.C. § 1920. The burden is on the prevailing party to establish that the expenses it seeks to have taxed as costs are authorized by § 1920. ***English v. Colorado***

---

[1] "[#128]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

***Department of Corrections***, 248 F.3d 1002, 1013 (10th Cir. 2001); ***Griffith v. Mt. Carmel Medical Center***, 157 F.R.D. 499, 502 (D. Kan. 1994).  Expenses not specifically authorized by the statute are not recoverable as costs.  ***Crawford Fitting Co. v. J.T. Gibbons, Inc.***, 482 U.S. 437, 441-42 (1987); ***Bee v. Greaves***, 910 F.2d 686, 690 (10th Cir. 1990).  Generally, costs allowable under § 1920 may be awarded for materials necessarily obtained for use in the case.  ***Mikel v. Kerr***, 499 F.2d 1178, 1182 - 1183 (10th Cir. 1974).  "Whether an item is necessarily obtained for use in a case so that expense therefore may be taxed as a cost calls for a factual evaluation, a task which is committed to the discretion of the trial court."  ***Id***.  Moreover, even where costs are allowed by statute, the prevailing party still must demonstrate that the amount requested is reasonable.  ***See U.S. Industries, Inc. v. Touche Ross & Co.***, 854 F.2d 1223, 1245 (10th Cir. 1988), ***overruled on other grounds as recognized by Anixter v. Home-Stake Products Co.,*** 77 F.3d 1215, 1231 (10th Cir. 1996).

The taxation of costs under § 1920 is within the discretion of the court.  ***See, e.g., Serna v. Manzano***, 616 F.2d 1165, 1167 - 1168 (10th Cir. 1980).  However, my discretion to excuse or reduce an award of costs against a non-prevailing party is limited in two ways.  First, Rule 54(d) creates a presumption that costs will be awarded to the prevailing party.  ***Cantrell v. Int'l Brotherhood of Elec. Workers***, 69 F.3d 456, 458 - 59 (10th Cir. 1995).  Second, a district court must state a valid reason for not awarding costs to the prevailing party.  ***Id.***  "(T)he denial of costs is in the nature of a penalty."  ***Serna v. Manzano***, 616 F.2d 1165, 1167 (10th Cir. 1980).  If costs are to be denied, "there must be some apparent reason to penalize the prevailing party. . ."  ***Klein v. Grynberg***, 44 F.3d 1497, 1507 (10th Cir. 1995); ***see also Aerotech, Inc. v. Estes***,

110 F.3d 1523, 1526 - 27 (10th Cir. 1997).

Here, the plaintiff argues that the video taped deposition of the plaintiff conducted by the defendant "was not necessary and was overkill on the part of the defendants." *Motion* [#128], p. 1. The plaintiff argues that the use of a court reporter to record his deposition would have been less expensive and equally effective. The defendant argues that it was necessary to record the plaintiff's deposition via video tape because, during his deposition, the plaintiff explained portions of a video tape of a search conducted in a room in the plaintiff's house. I find that this search was relevant to the plaintiff's claims in this case. In the context of this case, I conclude that a video taped deposition of the plaintiff was reasonably necessary. Therefore, the cost of that deposition properly may and should be taxed as costs under FED. R. CIV. P. 54(d)(1).

**THEREFORE, IT IS ORDERED** that the plaintiff's **Motion on Taxation of Cost** [#128] filed March 24, 2010, is **DENIED.**

Dated February 17, 2011, at Denver, Colorado.

**BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge